JOHN R. LAWLESS (State Bar No. 223561)
*jlawless@kslaw.com*
**KING & SPALDING LLP**
633 W. 5th Street, Suite 1600
Los Angeles, CA 90071
Telephone:  213 443 4355
Facsimile:   213 443 4310

Attorneys for Defendant
CAPITAL ONE BANK (USA), N.A.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PERDEW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>Defendant. | Case No. 3:19-cv-01421-H-BLM<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S UNOPPOSED MOTION TO STAY OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND TO COMPLAINT** |

Defendant Capital One Bank (USA), N.A. ("Capital One") requests that the Court stay all proceedings and deadlines in this action pending resolution of the motions for transfer and consolidation under 28 U.S.C. § 1407 that are currently pending before the Judicial Panel on Multidistrict Litigation ("JPML"). The JPML will hear oral argument on the Section 1407 motions on September 26, 2019, and Capital One anticipates an order regarding transfer and consolidation of this case and other related cases to be issued shortly thereafter. Plaintiff's counsel has advised Capital One that Plaintiff agrees to the requested stay.

This case is one of over 45 putative class actions filed in connection with the cyber incident that Capital One announced on July 29, 2019. Plaintiff filed the Complaint in this case on July 30, 2019; Capital One was served on August 6, 2019; and Capital One's deadline to answer or respond to the Complaint is currently August 27, 2019.

On July 31, 2019, plaintiffs in a related case, *Fadullon v. Capital One Financial Corporation, et al.*, Case No. 2:19-cv-01189 (W.D. Wash., filed July 30, 2019), filed a motion for consolidation and transfer under 28 U.S.C. § 1407 with the JPML in *In re Capital One Consumer Data Security Breach Litigation*, MDL No. 2915 (J.P.M.L. July 31, 2019) ("*In re Capital One*"). *See In re Capital One*, Dkt. No. 1. That motion seeks to have related actions arising out of the Capital One cyber incident, including this case, consolidated with the *Fadullon* case and transferred to the Western District of Washington for pretrial proceedings. Subsequently, plaintiffs in other related cases have filed briefs in the *In re Capital One* matter that support transfer and consolidation, but seek other transferee courts, including the Eastern District of Virginia (*id*. at Dkt. Nos. 5 and 7) and the District of the District of Columbia (*id*. at Dkt. No. 8). Numerous notices of related actions have also been filed in *In re Capital One*, and additional related cases continue to be filed and are in the process of being noticed to the JPML as potential tag-along actions.

Given that over 45 putative class actions have been filed, all related to the same

underlying event and asserting the same or substantially similar factual allegations, the JPML is highly likely to grant the motions for transfer and consolidation. If it does, to conserve the parties' resources and promote judicial economy, this case will be consolidated with the other putative class actions for centralized pretrial proceedings in a single transferee court. Under these circumstances, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting stay pending JPML's ruling because "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel"); *Gonzalez v. Ford Motor Co.*, No. 17-cv-05885-LHK, 2017 WL 9614465 (N. D. Cal. Nov. 16, 2017) (granting stay pending JPML's resolution of Section 1407 motion in the interests of judicial economy and efficiency); *Bonefant v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 WL 2409980, at * 1 (S.D. Fla. July 31, 2007) ("[I]t is common practice for courts to stay an action pending a transfer decision by the JPML."). In fact, Capital One has already successfully moved to stay numerous cases related to the cyber incident announced on July 29, 2019, and to date no court has denied its requests to stay a case related to that cyber incident. *See, e.g., Heath, et al. v. Capital One Financial Corp., et al.*, 3:19-cv-555-JAG, Dkt. No. 14 (E.D. Va. Aug. 16, 2019) (order staying nine related cases pending decision from the JPML); *Hilker v. Capital One Financial Corp., et al.*, No. 1:19-cv-995-RDA-JFA Dkt. No. 15 (E.D. Va. Aug. 16, 2019) (order staying related case pending decision from the JPML).

  Here, too, a short stay of proceedings until the JPML resolves the pending Section 1407 motions will promote judicial economy and sound judicial administration, avoid duplicative pretrial proceedings and potentially inconsistent pretrial rulings, and prevent prejudice to both Plaintiff and Capital One. In the

alternative, should the Court decline to stay these proceedings, in order to afford Capital One adequate time to prepare an answer or response to the Complaint, Capital One requests that the Court extend its deadline to answer or respond to the Complaint to 30 days from an order denying the motion to stay. Capital One's deadline to respond to the Complaint has not been extended previously.

     A proposed order for the Court's consideration will be submitted concurrently herewith.

DATED: August 20, 2019            **KING & SPALDING LLP**

By: */s/ John R. Lawless*
John R. Lawless

Attorneys for Defendant
CAPITAL ONE BANK (USA), N.A.